[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16054
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00025-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY HUTCHESON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 10, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Hutcheson appeals his total sentence of 60-months' imprisonment,

imposed above the applicable guideline range of 41-51 months, following his guilty plea to 5 counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2, and 5 counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I) and 2. The convictions arose out of a scheme where Hutcheson and a codefendant claimed to be placing investors' money into a hedge fund when actually they converted much of the money for their own personal use.

On appeal, Hutcheson argues that his total sentence was procedurally unreasonable because the district court failed to give an adequate explanation for the upward variance. He also submits that his total sentence was substantively unreasonable because the sentence was greater than necessary to comply with the purposes of § 3553(a)(2), and the court did not properly consider the § 3553(a) factors. In addition, he argues that the restitution order of $1,618,000 should have been reduced by $576,000 in legitimate trading losses.

We find no reversible error. At the sentencing hearing the district court explicitly stated that it considered the § 3553(a) factors, and adequately explained why a sentence above the top of the applicable guideline range was necessary to accomplish the goals of the statute. Therefore, the sentence was procedurally reasonable. Under the totality of the circumstances, Hutcheson's sentence was substantively reasonable because it was not greater than necessary to achieve the

2

purposes of § 3553(a), and the court considered the § 3553(a) factors.  *Pugh*, 515 F.3d at 1191.

With reference to restitution, based on a review of the record, the district court did not err in finding that the trading losses were a direct result of Hutcheson's criminal conduct in the course of the entire scheme to defraud investors.  Accordingly, the court properly determined that the trading losses, totaling $576,000, should be included in the restitution.

**AFFIRMED.**